STATE OF MAINE *versus* GEORGE S. HAY.

The § 3, chap. 24, of the ordinances of the city of Portland, relating to bowling alleys, is legal and valid.

THIS was a complaint against the defendant for a violation of § 3, chap. 24, of the ordinances of the city of Portland. A copy of the article was not incorporated into the report of the case, but it is supposed to be an article requiring keepers of bowling alleys to close them at six o'clock. The defendant being convicted before the Municipal Court, carried the case to the District Court by appeal. On the trial there, the Court instructed the jury, that said ordinance was legal, valid and binding upon all citizens of Portland, and the defendant was convicted. To this instruction of the Court he filed exceptions.

*L. DeM. Sweat*, for defendant.

1. The ordinance upon which this complaint was founded is not legal and binding upon the citizens of Portland. *People* v. *Sargent*, 8 Cowen, 139.

2. The form of action by complaint is not authorized by law. 1 Smith's Laws of Maine, 486, c. 76, § 2, specially repealed, R. S. p. 780, chap. 76 ; R. S. chap. 98, § 5 ; Laws of Maine, chap. 350, in 1846, also in 1848, chap. 58; Dane's Abridgment, page 244.

*Swasey*, for the State.

The opinion of the Court was given orally by

SHEPLEY, C. J. — The only question in this case is, whether the city ordinance, upon which this complaint is founded, is legal and binding upon the citizens of Portland. By the special laws of 1846, chap. 350, the right to decide whether bowling alleys shall be allowed within the city, and if so, under what restrictions, is vested in the mayor, aldermen and common council of the city of Portland. The ordinance which is found by the jury to have been violated, is within the power conferred by this act. There is no constitutional provision prohibiting the Legislature from regulating bowling alleys. The Legislature may direct the time when they may be opened, and the place where they may be erected. The city ordinance does not transcend the authority under which it was made.　　　　　*Exceptions overruled, and the*
　　　　　　　　*case remanded to the Dis. Court.*